IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SOHAIL A. RANA,<br><br>   Plaintiff,<br><br>  vs.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>   Defendant. | Civil No. 26-00210 MWJS-KJM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**INTRODUCTION**

Before the court is pro se Plaintiff Sohail A. Rana's complaint against the U.S. Department of Veterans Affairs ("VA"), filed on April 24, 2026. Dkt. No. 1. Rana also seeks to proceed in forma pauperis ("IFP"), that is, without prepayment of fees or security. Dkt. No. 2.

When a litigant asks to proceed without paying the filing fee, the court must review the complaint before the suit may proceed. As part of that review, the court must ensure that a plaintiff has adequately alleged that the court has the authority—subject matter jurisdiction—to hear the case. For the reasons that follow, the court concludes that Rana has not adequately alleged subject matter jurisdiction, and therefore DISMISSES Rana's pleading with leave to amend and DENIES the IFP application as moot.

A.    Screening of the Complaint

When a litigant asks to proceed without prepayment of fees, the court is required to screen the complaint before the suit may proceed.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss any complaint—or any portion thereof—that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See id.* § 1915(e)(2)(B); *Glick v. Townsend*, 677 F. App'x 323, 324 (9th Cir. 2017).

Because pro se plaintiffs often face significant hurdles in navigating the court system, courts construe their pleadings liberally.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992).  But even pro se plaintiffs must adequately allege subject matter jurisdiction before their actions may proceed in federal court.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Id.*  If a plaintiff fails to plead sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

1.  As a threshold matter, Rana's filing is not a complaint in the legal sense.  It is a letter—addressed to the Acting Attorney General of the United States and the United States Attorney for the District of Hawaiʻi—documenting alleged misconduct by the VA in the administration of behavioral flags on his patient record and requesting

2

investigation and relief.  Dkt. No. 1, at PageID.1.  The document is organized as a correspondence, with sections titled "Introduction and Purpose," "Summary of Misconduct," "Negative Impact on Living Standards," and "Relief Requested," among others.  *Id.*, at PageID.1–6.  It is signed and dated as a letter and notes "Enclosures: As referenced."  *Id.*, at PageID.6.  But a letter to government officials—even one that recites legal theories and requests relief—is not a complaint.  Rana's "Formal Complaint" does not name a defendant or properly invoke the jurisdiction of this court, and does not plead facts sufficient to state a claim for relief under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 8(a) (requiring a complaint to contain a short and plain statement of the grounds for the court's jurisdiction and a short and plain statement of the claim showing the pleader is entitled to relief).

That alone might be a sufficient reason to conclude that Rana's submission does not survive this court's screening.  But as noted, pro se filings are to be liberally construed and, for that reason, the court will treat Rana's letter as an attempted legal complaint.  *See Ferdik*, 963 F.2d at 1261.  Even under that charitable reading, however, the filing does not establish subject matter jurisdiction, as explained below.

2.  Rana's complaint suggests that he intends to invoke this court's jurisdiction due to the federal nature of VA regulation under Title 38 of the United States Code. Dkt. No. 1, at PageID.3.  And the exhibits attached to his letter reference a number of

other federal statutes and legal theories, including, the Federal Tort Claims Act (FTCA), Section 504 of the Rehabilitation Act, the Privacy Act, HIPAA, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  Dkt. No. 1-4, at PageID.12–13.

Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases arising under the Constitution or laws of the United States.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  But invoking the name of a federal statute is not enough to confer jurisdiction.  *See Shulthis v. McDougal*, 225 U.S. 561, 569–70 (1912).  And each of these potential bases for jurisdiction fails for independent reasons.

First, Rana's primary reference to Title 38 does not supply a basis for jurisdiction here.  Title 38 governs veterans' benefits, and Congress has channeled the review of VA benefits decisions through a specific administrative and judicial review process—from the Board of Veterans' Appeals, to the Court of Appeals for Veterans Claims, and ultimately to the Federal Circuit—not to the district courts.  *See* 38 U.S.C. §§ 511, 7252, 7292.  Section 511 of Title 38 vests in the Secretary of Veterans Affairs the exclusive authority to decide questions of law and fact affecting the provision of benefits, and it bars district court review of those decisions.  *See Tunac v. United States*, 897 F.3d 1197, 1203 (9th Cir. 2018) (noting that § 511 deprives the district court of jurisdiction over claims that require the court to assess the merits of a VA benefits decision).  And while

Title 38 does include some provisions that permit district court jurisdiction—such as the FTCA waiver codified at 28 U.S.C. §§ 1346(b) and 2671–2680—those provisions require exhaustion of administrative remedies before suit may be filed. *See* 28 U.S.C. § 2675(a). There is no indication in Rana's filing that he has exhausted his administrative remedies under the FTCA. Dkt. No. 1-4, at PageID.13 (noting only that "a signed SF-95" has been submitted, without establishing exhaustion).

Second, to the extent Rana invokes Section 504 of the Rehabilitation Act or other civil rights statutes, his filing does not identify the specific provision relied upon or allege facts sufficient to show that the requirements of those statutes are met. A civil cover sheet notation of "discrimination" and a reference to Title 38 are not sufficient to establish federal question jurisdiction on the face of a properly pleaded complaint. *See Caterpillar*, 482 U.S. at 392.

Third, Rana's filing references Due Process and Equal Protection under the Fourteenth Amendment. Dkt. No. 1-4, at PageID.13. The Fourteenth Amendment applies to state action, not federal action, and a claim that the federal government— here, the VA—violated constitutional due process would arise under the Fifth Amendment, not the Fourteenth. But given that Rana is proceeding pro se, the court can liberally construe his argument as arising under the Fifth Amendment. And the Fifth Amendment not only protects due process, but has also been interpreted as containing an equal protection guarantee similar to the one made explicit in the

5

Fourteenth.  *See Bolling v. Sharpe*, 347 U.S. 497 (1954).  But even construed liberally in this way, Rana's Fifth Amendment constitutional claim fails because he has not identified any relevant waiver of sovereign immunity that would allow him to advance this claim against the federal government—a point discussed in more detail below.

For these reasons, the filing does not adequately establish federal question jurisdiction.

3.  Although Rana does not invoke diversity jurisdiction, the court briefly addresses it, as it supplies the other basis under which a federal court has the authority to hear a case.  A federal court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) when the amount in controversy exceeds $75,000 and the action is between citizens of different states.  The citizenship requirement demands complete diversity between all opposing parties.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  The defendant here (again, viewing Rana's submission charitably as if it had named a defendant) is the VA—a federal agency.  Federal agencies are not "citizens" of any state for diversity purposes.  *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974).  Diversity jurisdiction is therefore unavailable.

4.  Finally, to the extent that Rana makes allegations against the VA as a federal agency, it is protected from suit by sovereign immunity.  *See Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (noting that "[t]he United States, as a sovereign, is immune from suit unless it has waived its immunity" and that "any

lawsuit against an agency of the United States . . . is considered an action against the United States"). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Id.* Rana's filing does not identify any express waiver of the VA's sovereign immunity that would permit this court to exercise jurisdiction. While the FTCA provides a limited waiver of sovereign immunity for certain tort claims against the United States, *see* 28 U.S.C. § 1346(b), that waiver is conditioned on the claimant having first presented the claim to the appropriate federal agency and either received a final denial or waited six months for the agency to act. *See* 28 U.S.C. § 2675(a). Rana has not established that he has satisfied this exhaustion requirement. The court therefore lacks jurisdiction.

For these reasons, Rana's pleading does not establish a basis for subject matter jurisdiction and must be DISMISSED.

### B.      Leave to Amend

As a general rule, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *see Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). It is possible that Rana may be able to cure the deficiencies identified above—for example, by filing a proper complaint that identifies a valid cause of action over which this court has jurisdiction, establishes an applicable waiver of

sovereign immunity, and alleges facts sufficient to state a claim for relief. The court therefore GRANTS Rana leave to amend.

If Rana elects to file an amended complaint, he should be mindful of the following. If he intends to bring a claim under the FTCA, he must first exhaust his administrative remedies by presenting his claim to the VA and receiving a final written denial—or waiting six months from presentment without final agency action. *See* 28 U.S.C. § 2675(a). If he intends to challenge a VA benefits decision, that challenge must generally be pursued through the administrative review process established in Title 38, not through a district court complaint. *See* 38 U.S.C. §§ 511, 7252. And any amended complaint must be a proper legal complaint, not a letter: it must identify the basis for this court's jurisdiction, state the specific claims Rana is bringing, and allege facts sufficient to support those claims. Fed. R. Civ. P. 8(a).

## C.     The IFP Application

Because Rana's pleading is dismissed, the court DENIES Rana's IFP application as moot and does not decide its sufficiency. *Marshall v. Wells Fargo*, Civ. No. 25-00437 MWJS-RT, 2025 WL 2938706, at *3 (D. Haw. Oct. 16, 2025). Should Rana file an amended complaint, he must concurrently file a new IFP application or pay the filing fee.

//

//

8

## CONCLUSION

For the foregoing reasons, the court DISMISSES Rana's pleading, Dkt. No. 1,

with leave to amend and DENIES his IFP application, Dkt. No. 2, as moot.

If Rana elects to file an amended complaint, he must comply with the following

requirements:

(1)    Rana's deadline to file an amended complaint is May 30, 2026;

(2)    The amended complaint should be titled "First Amended Complaint;"

and

(3)    Rana must cure the deficiencies identified above.

Rana is cautioned that failure to timely file an amended complaint that complies with

this order and concurrently file a new IFP application or submit the filing fee will result

in the automatic dismissal of this action.  Until Rana files an amended complaint and

either files a new IFP application or pays the filing fee, he should not file any other

documents in this action.

IT IS SO ORDERED.

DATED:  April 30, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 26-00210 MWJS-KJM; *Rana v. Department of Veterans Affairs*; ORDER
DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT

9